IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LEXIE ANTREAL PUGH                                                                    PLAINTIFF

v.                                            Civil No. 6:22-CV-06082-SOH-BAB

LT. MARTIN, OFFICER MARROW, and                                         DEFENDANTS
CORPORAL BANKS (All of the ACC
Omega Technical Violator Center)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions

of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District

Judge, referred this case to the undersigned for the purpose of making a Report and

Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. §

1915A.[1]  Under § 1915A, the Court has the obligation to screen any complaint in which a prisoner

seeks redress from a governmental entity or officer or employee of a governmental entity.  28

U.S.C. § 1915A(a).

### I.  BACKGROUND

Plaintiff filed her Complaint on July 22, 2022.  (ECF No. 1).  That same day, the Court

entered an Order directing Plaintiff to file a completed *in forma pauperis* ("IFP") application by

August 10, 2022.  (ECF No. 4).  Plaintiff did so on August 11, 2022, and was granted IFP status

on August 12, 2022.  (ECF Nos. 5, 6).  At the time she filed her Complaint, Plaintiff was serving

a 90-day parole violation sentence in the Arkansas Community Correction ("ACC") Omega

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

Technical Violator Center.  (ECF No. 1 at 4).  She started serving this sentence on May 20, 2022.

(*Id*.).  She has since been transferred to the Arkansas Division of Correction ("ADC") Ouachita

River Unit.  (ECF No. 9).

For her first claim, Plaintiff alleges that on July 5, 2022, Defendant Martin lied to her and

told her that he "had the power to grant me early release if given accurate info to retrieve

drugs/contraband being sold."  (*Id*. at 4).  Plaintiff alleges she provided the requested assistance,

"only to be told that I would not be helped."  (*Id*.).  Plaintiff characterizes this incident as coercion

and "misleading under false pretenses."  (*Id*.).  Plaintiff alleges that "[t]his bias act has left me

afraid to do anything for the possibility of losing my freedom and day to go home."  (*Id*. at 5).

Plaintiff alleges that Defendant Marrow failed to perform her duties because she failed to review

camera footage concerning this incident, causing Plaintiff to "feel out of place and out of

compliance " for telling the truth.  (*Id*.).  Plaintiff also names Defendant Banks for this claim, but

does not describe any action or inaction on his part relating to the incident.  Plaintiff proceeds

against Defendants in their official capacity only for this claim.  (*Id*.).  As grounds for her official

capacity claim for this incident Plaintiff alleges that "she has no means to retrieve legal notes,

documents, or laws" because she has been denied access to the law library.  Nonetheless, she states

"I know there are several constitutional laws being broken here!!"  (*Id*.).

For her second claim, Plaintiff names Defendant Martin and Defendant Banks.  She also

names two individuals not otherwise identified in her Complaint: Paul Smith and Major Otts.  (*Id*.

at 6).  Based on her allegations, Paul Smith appears to be an inmate.  Plaintiff alleges that she

helped ACC staff have Paul Smith locked down, and describes herself as an "informer."  Based on

this, the Court will infer that Plaintiff provided information concerning Inmate Smith and drug

contraband to ACC staff.  Plaintiff does not allege any actions or inactions taken by any of the

named ACC staff, instead stating only that a resident, presumably Inmate Smith, was returned to the barracks on July 14, 2022, after he had been released from the "hole," placing her at risk. (*Id*. at 7). Plaintiff does not allege that Inmate Paul Smith threatened her, or that she was harmed in any way. Plaintiff proceeds against these Defendants in their official and individual capacity. (*Id*.).

For her third claim, Plaintiff alleges that she was denied access to news, the law library, and mental health medication from July 10 through July 16, 2022. Plaintiff did not identify a Defendant for this claim, listing herself instead. (*Id*. at 8).

Plaintiff seeks compensatory and punitive damages for "unprofessional, threatening, and other actions that shows no regard for my life and safety!" (*Id*. at 9). She asks that the ACC "authority" be reprimanded. (*Id*.).

## II.  LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

3

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

Plaintiff failed to state any plausible constitutional claims.  Plaintiff alleges she was lied to by Defendant Martin, and made to feel "out of place and out of compliance for telling the truth" by Defendant Marrow.  Neither of these actions rise to the level of a constitutional violation.  The law is clear, "verbal threats do not constitute a constitutional violation." *Sargent*, 780 F.2d at 1339.  Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate' s claims of general harassment and of verbal harassment were not actionable under § 1983); *O' Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail official did not rise to the level of a constitutional violation).  As Plaintiff's allegations are considerably less serious than verbal threats or harassment, she failed to state a plausible claim.

As to her other Defendants and claims, Plaintiff failed to allege any causal connection between any Defendant and any possible constitutional violation.  "Liability under Section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370 (1976)).  Thus, to state a cognizable Section 1983 claim, a complaint must set forth specific factual

allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights. Plaintiff has not alleged a causal link between any of the Defendants and her claims. *See Martin*, 780 F.2d 1337. (Even a pro se Plaintiff must allege specific facts sufficient to state a claim). Thus, Plaintiff failed to allege any plausible constitutional claims.

### IV.  CONCLUSION

For these reasons, it is recommended that: (1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; (2) Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and (3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **18th day of October 2022**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE